Michael A. McConnell
Texas Bar I.D. 13447300
Clay M. Taylor
Texas Bar I. D. 24033261
C. Josh Osborne
Texas Bar I. D. 24065856
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:     817/332-2500
Telecopy:      817/878-9280

COUNSEL FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| Home Interiors & Gifts, Inc. | § | Case No. 08-31961 |
| a Texas Corporation | § | |
| *et al.* | § | |
| Debtors[1] | § | (Jointly Administered) |

**AMENDED MOTION FOR ORDER APPROVING AND AUTHORIZING THE CLOSING OF THE SALE OF THE CAPITAL STOCK OF HOME INTERIORS de MEXICO, S de RL de CV, AND HOME INTERIORS SERVICES de MEXICO, S.A. de C.V. AND CERTAIN OTHER ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

Dennis Faulkner, Chapter 11 Trustee (the "Trustee") for Home Interiors & Gifts, Inc., a Texas Corporation, and its wholly owned debtor subsidiaries, (collectively the "Debtors"), files this Amended Motion for Order Approving and Authorizing the Closing of the Sale of the Capital Stock of Home Interiors de Mexico, S de RL de CV, and Home Interiors Services de Mexico, S.A. de C.V. and Certain Other Assets Free and Clear of All Liens, Claims,

---

[1] The remaining debtors include (i) Dallas Woodcraft Company, LLC, a Delaware Limited Liability Company, Case No. 08-31960, (ii) DWC GP, LLC, a Delaware Limited Liability Company, Case No. 08-31961 (iii) Titan Sourcing, LLC, a Delaware Limited Liability Company, Case No. 08-31964, (iv) Laredo Candle Company, LLC a Texas Limited Liability Company, Case No. 08-31965, (v) HIG Holdings, LLC, a Texas Limited Liability Company, Case No. 08-41855, and (vi) Home Interiors de Puerto Rico, Inc., a Delaware Corporation, Case No. 08-31967.

AMENDED MOTION FOR ORDER APPROVING AND AUTHORIZING THE CLOSING OF THE SALE OF THE CAPITAL STOCK OF HOME INTERIORS DE MEXICO, S DE RL DE CV, AND HOME INTERIORS SERVICES DE MEXICO, S.A. DE C.V. AND CERTAIN OTHER ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

PAGE 1 OF 9

Encumbrances, and Interests (the "Amended Sale Motion").  In support of the Amended Sale Motion, the Trustee would show the Court as follows:

## I.  JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of the Amended Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Amended Sale Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  BACKGROUND

**A.  HISTORY OF THE DEBTORS AND THE CASE'S PROCEDURAL HISTORY**

The Debtors have been one of the nation's leading home decor companies, selling home decorative accessories for over fifty years, primarily through in-home parties in the United States, Canada, Mexico, and Puerto Rico.  Home Interiors de Mexico, S de RL de CV, and Home Interiors Services de Mexico, S.A. de C.V. ("HIG-Mexico"), sells home decorative accessories in Mexico, primarily through a network of independent sales consultants (the "Decorating Consultants").  HIG-Mexico has been an important part of the Debtors' sales and marketing efforts, targeting a high-growth market not served by the Debtors' traditional United States operations.

While the Debtors experienced growth in their sales revenues for most of their history, they have recently encountered difficulties which precipitated the necessity of filing for bankruptcy relief.  First, since 2003, they have experienced declining sales revenues.  This problem was compounded by the recent downturn in the economy.  Second, as a result of a failed leveraged buyout, the Debtors were saddled with large debt payments, until the bond debt was converted into most of the Debtors' equity.  Third, the Debtors borrowed a substantial sum of

money on a secured basis, secured by all or substantially all of the Debtors' assets. As a result of the Debtors' financial difficulties, on April 29, 2008 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

The Debtors operated as debtors-in-possession from the Petition Date until November 25, 2008. The Debtors' hope was that they would be able to obtain post-petition financing, reorganize their debts, cut their costs, and emerge from bankruptcy behind the strength of their dedicated sales force of Decorating Consultants and direct-to-retail sales persons. Yet, it soon became apparent—especially after a sharp downturn in home sales and demand for home decorative product—that the Debtors would not be able to reorganize and that the value to creditors would be best maximized through the sale of the Debtors' business operations on an expedited basis. The Debtors, therefore, sought and received permission to use cash collateral in order to accomplish this purpose.

However, given conflicts between the Debtors, the unsecured creditors, and the pre-petition lenders, the Debtors determined that the most prudent path to facilitate a sale of their business operations would be through a Chapter 11 trustee. As a result, on October 31, 2008, the Debtors filed their Motion to Appoint a Chapter 11 Trustee (the "Trustee Motion") (Docket # 723). The Court entered an order (Docket # 833) granting the Trustee Motion on November 25, 2008. The United States Trustee thereafter made application for appointment of Mr. Dennis Faulkner as Chapter 11 Trustee in these cases. The Court granted the application on November 26, 2008 (Docket # 839). The Trustee now manages the Debtors' affairs, including the sale of the Debtors' assets.

AMENDED MOTION FOR ORDER APPROVING AND AUTHORIZING THE CLOSING OF THE SALE OF THE CAPITAL STOCK OF HOME INTERIORS DE MEXICO, S DE RL DE CV, AND HOME INTERIORS SERVICES DE MEXICO, S.A. DE C.V. AND CERTAIN OTHER ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

PAGE 3 OF 9

In connection with these responsibilities, on January 7, 2009 the Trustee filed the Motion for Order Approving and Authorizing the Closing of the Sale of the Capital Stock of Home Interiors de Mexico, S de RL de CV, and Home Interiors Services de Mexico, S.A. de C.V. and Certain Other Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests (the "Original Sale Motion") (Docket # 896). In the Original Sale Motion, a public auction (the "Auction") was scheduled to take place on January 29, 2009 and a hearing to approve the sale to the highest bidder was set for February 3rd. However, after careful consideration, the Trustee determined that the Auction and the hearing should be postponed until a later date. The Trustee now seeks to hold the Auction and the Court's permission to close the sale of the Capital Stock and Assets (as described below) to the entity that makes the highest and best offer.

**B.     ASSETS BEING SOLD AND MARKETING EFFORTS**

The Trustee seeks to sell 100% of HIG-Mexico's capital stock (the "Capital Stock") and certain other assets of any type used in HIG-Mexico's business, but owned or otherwise held by any other of the Debtors or their affiliates (the "Assets"). This Court has already authorized the procedures governing the auction of the Capital Stock and the Assets. It is now imperative that, in order to maximize the value of the Capital Stock and the Assets, the Court approve the sale of the Capital Stock and the Assets to a specific purchaser and allow the Trustee to close the sale.

In order to assist the Debtors (and subsequently the Trustee) in their efforts to market and sell the Capital Stock and the Assets, the Debtors sought assistance from Houlihan Lokey Howard and Zukin Capital, Inc. ("Houlihan"). Houlihan's duties were to act as a sales broker and to aid the Debtors (and subsequently the Trustee) in advertising and marketing for sale, lease, or other disposition portions of the Debtors' businesses and assets. Houlihan marketed the Capital Stock and the Assets in a very proactive manner, and recommended that the Debtors sell

the Capital Stock and the Assets at the Auction. Houlihan advertised the Capital Stock and the Assets through numerous channels, including directly targeting hundreds of potential buyers by sending them promotional e-mails and faxes, and making calls to gauge interest. Houlihan's efforts attracted potential purchasers of the Capital Stock and the Assets.

**C.     THE AUCTION**

The Trustee will be conducting the Auction to sell the Capital Stock and the Assets on February 20, 2009 at the offices of Kelly Hart and Hallman, located at 201 Main Street, Suite 2500, Fort Worth, Texas 76102, with bids being due on February 19, 2009 by 5 p.m. CDT. Only qualifying bids will be accepted at or prior to the Auction and all deposits of earnest money by qualified bidders shall be made payable to the Trustee's Trust Account.[2] Notice of the Auction results will be sent to the same service list that is being served with this motion and any executory contracts to be assumed will be designated in that notice. Counter-parties to those designated executory contracts to be assumed, if any, will also be provided with notice and with adequate assurance materials. With the Court's approval, the Trustee will close on the sale of the Capital Stock and the Assets within three days after the date of a hearing on this Amended Sale Motion.

### III.     DISCUSSION

**A.     SALE OF THE ASSETS**

In order to achieve the highest and best price for the Capital Stock and the Assets, the proposed sale should be approved as soon as possible. Ample authority exists for approval of the proposed sale. Pursuant to § 363 of the Bankruptcy Code, "The trustee, after notice and a

---

[2]   The Trustee shall issue specific wiring instructions to all bidders who request wiring instructions in order to be able to submit a qualifying bid.

hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). When a valid business justification exists, the law vests the Trustee's decision to use or sell property outside the ordinary course of business with a strong presumption that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Moreover, Bankruptcy Rule 6004(f)(1) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."

The Trustee's decision to sell the Capital Stock and the Assets is based upon his sound business judgment. In this particular case, the Debtors have no reasonable prospect of reorganization, so the best way to maximize recovery for the Debtors' creditors is by selling the Capital Stock and the Assets of HIG-Mexico. In the Trustee's business judgment, this can best be accomplished through this sale. Furthermore, selling the Capital Stock and the Assets in an expeditious manner is necessary since any delay could adversely affect the relationships with the Decorating Consultants which comprise much of HIG-Mexico's value. As this bankruptcy case has developed from an attempted reorganization to a liquidation process, the relationships with those Decorating Consultants have suffered. A delay in concluding the sale process will likely exacerbate the problem and result in greater attrition to the sales consultant base. Therefore, the relief requested in the Amended Sale Motion should be granted.

AMENDED MOTION FOR ORDER APPROVING AND AUTHORIZING THE CLOSING OF THE
SALE OF THE CAPITAL STOCK OF HOME INTERIORS DE MEXICO, S DE RL DE CV, AND
HOME INTERIORS SERVICES DE MEXICO, S.A. DE C.V. AND CERTAIN OTHER ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

PAGE 6 OF 9

B.  **SALE OF THE ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

The Trustee may not only sell the Capital Stock and the Assets under § 363(b), he may sell them free and clear of interests because at least one standard set forth in § 363(f)(1)-(5) has been met. In this particular case, NexBank, SSB ("NexBank"), as administrative agent for itself and certain financial institutions, is the holder of such an interest. Given the substantial amount of secured debt the Debtor owes to NexBank and certain other financial institutions, the Debtors cannot sell the Capital Stock and the Assets in an amount sufficient to exceed the value of the liens on such property. However, § 363(f)(2) provides that "the trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other that the estate, only if such entity consents." 11 U.S.C. § 363(f)(2). In the Second Final Order (i) Authorizing Debtors' Use of Cash Collateral, (ii) Granting Replacement Liens, and (iii) Granting Other Adequate Protection (the "Cash Collateral Order") (Docket # 828), NexBank consented to a sale of the Debtors' assets in exchange for payment of the net sale proceeds (subject to certain conditions) and the ability to credit bid its debt pursuant to § 363(k). Since NexBank has so consented, the Trustee may sell the Capital Stock and the Assets free and clear of any liens, claims, encumbrances, and interests, subject to court approval.

## IV.  ANCILLARY RELIEF

A.  **WAIVER OF THE TEN DAY STAY UNDER BANKRUPTCY RULES 6004(h) AND 6006(d)**

The sale of the Capital Stock and the Assets in an expeditious fashion is essential. An untoward delay in this process will only diminish recovery for the Debtors' respective creditors. The sale of the Capital Stock and the Assets through the Auction is in the best interests of the estates, and all parties-in-interest, and represents the reasonable exercise of both the Debtors' and

AMENDED MOTION FOR ORDER APPROVING AND AUTHORIZING THE CLOSING OF THE
SALE OF THE CAPITAL STOCK OF HOME INTERIORS DE MEXICO, S DE RL DE CV, AND
HOME INTERIORS SERVICES DE MEXICO, S.A. DE C.V. AND CERTAIN OTHER ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

PAGE 7 OF 9

the Trustee's business judgment. Therefore, the ten day stay under Bankruptcy Rules 6004(h) and 6006(d) should be waived.

### B. MODIFICATIONS TO BID PROCEDURES

In Section O(ii) of the Bid Procedures, the Debtors reserved the right to "extend the deadlines set forth in the Bid Procedures for no more than three (3) business days." However, in order to receive the highest and/or best price for the Capital Stock and the Assets, the Trustee, after consultation with Houlihan, determined that the Bid Procedures must be modified so that the Bid Deadline is changed to February 19th and the Auction occurs on February 20th. The Trustee submits that these changes are necessary and proper given the circumstances and therefore requests that the Court find that the Trustee's modifications were proper.

### C. NOTICE PROVIDED BY THE TRUSTEE IS SUFFICIENT UNDER THE CIRCUMSTANCES TO SATISFY BANKRUPTCY RULE 2002

The Trustee requests that this Court find that the following method of service is sufficient under the circumstances to satisfy Bankruptcy Rule 2002. First, the Trustee will serve the Amended Sale Motion and all of the related exhibits and proposed orders on those parties identified in the Official Limited Service List and by posting them on the Debtors' bankruptcy website maintained by Kurtzman Carson Consultants. Second, in addition to parties listed on the Official Limited Service List, the Trustee will serve the Notice of Hearing on the Amended Sale Motion (i) via email to all Decorating Consultants who have an email account associated with their account in the Debtors' records (this a substantial percentage of accounts); and (ii) via regular U.S. mail to all decorating consultants with credit balances larger than $100 who do not have an email address associated with their account.

AMENDED MOTION FOR ORDER APPROVING AND AUTHORIZING THE CLOSING OF THE SALE OF THE CAPITAL STOCK OF HOME INTERIORS DE MEXICO, S DE RL DE CV, AND HOME INTERIORS SERVICES DE MEXICO, S.A. DE C.V. AND CERTAIN OTHER ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

PAGE 8 OF 9

## V. RELIEF REQUESTED

The Trustee requests that (i) the Court approve the sale of the Capital Stock and the Assets free and clear of all liens, claims, and encumbrances; (ii) the ten day stay be waived so that the sale may be closed immediately after approval by this Court; and (iii) any further relief to which he may be justly entitled. The Trustee further requests that the Court find that (i) the Purchaser is a good faith buyer of the Capital Stock and the Assets and therefore entitled to all of the protections of § 363(m) of the Bankruptcy Code; (ii) the Trustee's modifications to the Bid Procedures to extend the Bid Deadline and Auction date was proper; and (iii) the notice provided by the Trustee was sufficient under the circumstances to satisfy Bankruptcy Rule 2002.

Respectfully submitted,

*/s/ Clay M. Taylor*
Michael A. McConnell
Texas Bar I.D. 13447300
Clay M. Taylor
Texas Bar I. D. 24033261
C. Josh Osborne
Texas Bar I. D. 24065856
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: 817/332-2500
Telecopy: 817/878-9280

**COUNSEL FOR THE TRUSTEE**

AMENDED MOTION FOR ORDER APPROVING AND AUTHORIZING THE CLOSING OF THE SALE OF THE CAPITAL STOCK OF HOME INTERIORS DE MEXICO, S DE RL DE CV, AND HOME INTERIORS SERVICES DE MEXICO, S.A. DE C.V. AND CERTAIN OTHER ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS                    PAGE 9 OF 9